UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KISSNER MILLING COMPANY LIMITED, a British Columbia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SNOW JOE, LLC, ) a New Jersey Limited Liability Company, *et al.*,<br><br>Defendants. | Civil Action No. 22-05903 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court by way of the motion to dismiss the Complaint filed by Defendant Snow Joe, LLC ( "Snow Joe" or "Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 14). The Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss Plaintiff's Complaint is **DENIED**.

I.  **JURISDICTION**

The Court has jurisdiction over this matter as the parties are diverse in citizenship, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).[1]

II. **BACKGROUND**[2]

---

[1] Plaintiff Kissner Milling Company Limited is a corporation incorporated and existing under the laws of British Columbia, Canada with its principal place of business in Kitchener, Ontario, Canada. (Compl, ¶ 5, ECF No. 1.) Snow Joe is a limited liability company organized under the laws of the state of New York with its principal place of business in Hoboken, New Jersey. (Compl. ¶ 6.)

[2] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff Kissner Milling Company Limited ("Kissner" or "Plaintiff") manufactures and supplies packaged ice melt, deicing, and salt products in North America ("Ice Melt"). (Compl, ¶ 12, ECF No. 1.) Snow Joe is a supplier of lawn and garden tools and products to customers throughout the State of New Jersey. (Compl, ¶ 13.)

On September 26, 2016, the parties entered into an agreement, the "Snow Joe Master Vendor Agreement (the "Vendor Agreement"). (Compl. ¶ 8; *see id*, Ex 1 Vendor Agreement, ECF No. 1-2.) Pursuant to the Vendor Agreement, "Upon issuance of a Purchase Order by Snow Joe and acceptance by the Vendor [Kissner], [Kissner] shall manufacture, produce, package, ship and sell, and Snow Joe shall purchase [the deicing products]." (Vendor Agreement, Article II at 1.) The deicing products referenced in the Vendor Agreement and in the Purchase Orders were marketed and sold by Snow Joe under Snow Joe's product names and packaging. (Compl. ¶ 15.) The Vendor Agreement further provided that

> Payment terms shall be as set forth on each Purchase Order. Each Purchase Order shall be accepted by Vendor within five (5) days of transmittal of the applicable Purchase Order (email acceptable)… Vendor shall invoice Snow Joe upon shipment of product as set forth in the applicable Purchase Order or other mutually agreed upon location.

(Vendor Agreement, Article II at 1.) The Vendor Agreement also contained a choice of law and forum selection clause that provided as follows:

> This Agreement shall be construed as having been made in the State of New Jersey and shall be governed by the Laws of the State of New Jersey, without reference to its conflicts of laws provisions. Any legal action arising out of or in any way related to this Agreement shall be brought only in federal and state courts sitting in the State of New Jersey and Vendor consents to personal and subject matter jurisdiction of such courts. The foregoing notwithstanding, Vendor hereby irrevocably consents to the nonexclusive jurisdiction of the federal and state courts sitting in the State, City and County of New York. … In any dispute under this agreement, the prevailing party shall be entitled to its attorneys' fees and costs in addition to any other legal or equitable relief to which it may be entitled.

(Vendor Agreement, Article XII at 11.)

On June 30, 2019, the parties executed the First Amendment to the Vendor Agreement (the "First Amendment"), which modified Article II ("Price and Terms"), Article XII ("Termination"), and Article XIII ("Notices") of the Vendor Agreement (hereinafter the Vendor Agreement as modified by the First Amendment is referred to as the "Agreement"). (*See* Compl., Ex. 2, First Amendment, ECF No. 1-2.)

Between January 2022 and September 2022, Kissner manufactured and delivered packaged deicing products to Snow Joe pursuant to written Purchase Orders and performed all obligations necessary for Snow Joe to remit payment. (Compl. ¶¶ 20, 27.) However, Snow Joe failed to pay Kissner, thereby breaching its obligations under the Agreement. (Compl. ¶ 20.) On September 12, 2022, Kissner sent Snow Joe a Demand for Payment and Notice of Termination for Default, which effectively terminated the Agreement and demanded Snow Joe pay a total of $1,460,533.14. (*See* Compl., Ex. 3, Demand and Termination Letter dated September 12, 2022.)

On October 5, 2022, Kissner filed a Complaint against Snow Joe for breach of contract (Count I), unjust enrichment (Count II), and account stated (Count III), with Counts II and III being pled in the alternative. (*See* Compl. ¶¶ 23-44.) In the Complaint, Plaintiff alleges that Snow Joe breached the parties' Agreement by

> (a) failing to pay the full contractual amount to Kissner for packaged deicing Products manufactured for and/or delivered to Snow Joe prior to termination of the Agreement; and (b) failing to pay Kissner after termination of the agreement for packaging materials Snow Joe requested Kissner purchase to stay in the ready and meet product supply and demand.

(Compl. ¶ 28.) Kissner seeks $1,000,000 in damages as well as costs, attorney's fees, and statutory pre-judgment interest. (Compl. ¶ 29.)

On December 12, 2022, Snow Joe moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 14.) Kissner opposed the motion (ECF No. 17), and Snow Joe replied in further support (ECF No. 18).

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 WL 5545236, at *2-3, 2015 U.S. Dist. LEXIS 124873 at *7-8 (D.N.J. Sept. 18, 2015). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. But conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Id.* at 678, 129 S.Ct. 1937 (internal citations omitted);

*see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard).

## IV. DISCUSSION

In diversity cases, courts look to the choice-of-law rules of the forum state here, New Jersey, to decide which body of substantive law controls. *Collins ex rel. Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). "New Jersey choice-of-law rules provide that '[o]rdinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice.'" *Id.* at 183 (quoting *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)).[3] Here, the parties' Vendor Agreement provides that it shall be governed by New Jersey law. (*See* Vendor Agreement, Article XII at 11.) The parties also rely on New Jersey law in their pleadings. (*See* ECF Nos. 14 and 17.) The Court will, therefore, give effect to the intent of the parties, as expressed in the choice of law clause within their Vendor Agreement, and apply New Jersey law to the claims at issue.

As noted above, the Complaint Plaintiff alleges that Snow Joe is liable to it for breach of contract (Count I) and asserts claims for unjust enrichment (Count II) or account stated (Count III) in the alternative (Compl. ¶¶ 23-44.) The Court now turns to the issues raised.

### A. Plaintiff's Breach of Contract Claim

Plaintiff alleges that Snow Joe breached its contractual obligations under the Agreement by failing to pay Kissner for (1) packaged deicing products manufactured for and/or delivered to Snow Joe prior to termination of the Agreement and (2) the packaging materials Snow Joe requested Kissner purchase to stay in the ready and meet product supply and demand. (*See* Compl.

---

[3] Although there are exceptions to this general rule (*Collins ex rel. Collins*, 874 F.3d at 184), the parties do not argue that an exception should apply here.

5

¶ 28.) On the other hand, Snow Joe contends the Agreement did not "obligate" it to pay Kissner for undelivered ice melt or packaging. (*See* ECF No. 14-1 at 4-7.)

To prevail on a claim for breach of contract under New Jersey law, a claimant must establish the following: (1) a contract between the parties; (2) that the party asserting the claim performed its contractual obligations; (3) a breach of that contract; and (4) damages flowing therefrom. *See Goldfarb v. Solimine*, 245 N.J. 326, 245 A.3d 570, 577 (2021).

Here, there is no dispute that the Agreement is a valid, enforceable, and binding contract between the parties. (*See* Compl. ¶ 14; ECF 14 at 2; *see also* Vendor Agreement; First Amendment.) Accordingly, the first element is satisfied. The parties' Agreement provides:

> In the event of termination, other than as a result of a default by Vendor, Snow Joe will pay Vendor:
>
> (i)  For all private label finished goods Vendor has manufactured for Snow Joe and bearing Snow Joe trade names or trademarks, the costs thereof; and
>
> (ii) For any and all new empty or unused packaging or related materials purchased by Vendor on behalf of Snow Joe (including, without limitation, bags, pails, jugs, lids, labels, pallet surrounds etc.) pursuant to the Agreement, at Vendor's actual cost thereof. At Snow Joe's election, such packaging or related materials shall either be returned to Snow Joe at Snow Joe's cost or destroyed by Vendor.

(Vendor Agreement, Article XI at 11; First Amendment, paragraph 3 at 2.) Second, Kissner alleges that it performed all obligations required of it under the terms of the Agreement. (Compl. ¶ 27.) Specifically, Kissner alleged that in accordance with the Agreement, it manufactured, packaged, labeled, and delivered packaged deicing products to Snow Joe upon receiving and accepting Purchase Orders for those products. (Compl. ¶ 26.) Because Kissner alleges it performed its obligation under the contract, the second element is met. Third, Kissner alleges that Snow Joe breached the parties' Agreement by failing to pay for certain deicing products manufactured for and/or delivered to Snow Joe and for packaging materials purchased and used in the manufacturing

6

of the deicing products. (Compl. ¶ 3.) Kissner claims that Snow Joe issued purchase orders for the private label finished goods at issue and that Snow Joe requested that Kissner procure the packaging materials at issue to stay ready to meet supply and demand. (Compl. ¶¶ 18, 22, 29). Additionally, Kissner alleges that by letter dated September 12, 2022, it declared Snow Joe in default of its obligations under the Agreement, terminated the Agreement, and demanded payment from Snow Joe of all amounts incurred during the term of the Agreement. (Compl. ¶ 21; *id.,* Ex. 3.) Because Kissner has alleged that Snow Joe breached the Agreement, the third element is met. Lastly, Kissner alleges that Snow Joe's breach of the Agreement caused it damages in excess of $1,000,000 (Compl. ¶ 29); therefore, the fourth element is met. Accordingly, the Court finds that Kissner has pled the requisite elements of a breach of contract claim. Moreover, the Court notes that whether Snow Joe is responsible for paying Kissner for the undelivered ice melt cannot be resolved at this stage. Thus, Snow Joe's motion to dismiss Count I of the Complaint is denied.

### B. Plaintiff's Unjust Enrichment and Account Stated Claims

In Counts II and II of the Complaint, Kissner asserts claims for unjust enrichment and account stated. (*See* Compl. ¶¶ 30-44.) These two causes of action are pled in the alternative to Plaintiff's breach of contract claim. (*See id.*) At this stage, pleading in the alternative is permissible. *Prestige Cap. Fin. LLC v. CVS Pharmacy, Inc.*, No. CV 22-735 (KM) (LDW), 2022 WL 17850261, at *6 (D.N.J. Dec. 22, 2022) (citing Fed. R. Civ. P. 8(d)). The Court addresses each of these claims in turn.

#### 1. Plaintiff's Unjust Enrichment Claim

New Jersey law provides that to succeed on a claim of unjust enrichment, a plaintiff must show that (1) the defendant received a benefit and (2) the retention of that benefit without payment would be unjust. *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 641 A.2d 519, 526 (1994).

Retention is unjust when the plaintiff expects payment for the service or the defendant retains a benefit at the expense of the plaintiff. *Assocs. Com. Corp. v. Wallia*, 211 N.J. Super. 231, 511 A.2d 709, 716 (1986).

In the Complaint, Kissner alleges that between January 2022 and September 2022, it packaged, manufactured, and/or delivered de-icing products at Snow Joe's request. (Compl. ¶¶ 20, 21, 32, 33.) Kissner also alleges that it fulfilled its obligations under the Agreement to ensure goods were immediately available at Snow Joe's request to support Snow Joe's business and its customers' demands. (*See* Compl. ¶¶ 17-18, 32); Vendor Agreement, Article VI.) This satisfies the first element because Snow Joe received the benefit of having products manufactured and ready to sell at Snow Joe's request, with additional materials procured on its behalf to meet supply and demand. Next, Kissner alleges that it incurred damages in excess of $1,000,000 as a direct result. (Compl. ¶ 39.) The second element is also satisfied as pursuant to the parties' Agreement, Kissner incurred costs and had a legitimate expectation of payment. Accordingly, Kissner has sufficiently stated a claim for unjust enrichment.

### 2. Plaintiff's Account Stated Claim

"To establish a claim for account stated, a plaintiff must show the defendant implied a promise to pay based on an admission of indebtedness to the plaintiff." *Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 536 (D.N.J. 2019) (citing *Harris v. Merlino*, 137 N.J.L. 717, 61 A.2d 276, 279 (1948)). "Evidence of assent to an account stated may consist of express statements or inference from conduct." *World Express & Connection, Inc. v. Crocus Invs., LLC*, No. 15-8126, 2020 WL 5088633, at *22 (D.N.J. Aug. 28, 2020) (quoting *Harris*, 61 A.2d at 279). Silence may establish assent. *United Cap. Funding Grp., LLC v. Remarkable Foods, LLC*, No. CV 21-3291, 2022 WL 138099, at *4 (D.N.J. Jan. 14, 2022) (citing Restatement (Second) of Contracts,

§ 282 ("A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent.").

Here, Kissner's account stated claim is premised on the invoices. Kissner alleges it issued invoices to Snow Joe showing the unpaid principal amount due on Snow Joe's account. (Compl. ¶ 42.) Kissner contends that Snow Joe retained the invoices without making any objection to it within a reasonable time, thereby admitting indebtedness and an implied promise by Snow Joe to pay the account to Kissner. (Compl. ¶¶ 43-44.) Snow Joe argues that it never agreed to pay the alleged amount in the Complaint. (ECF No. 14-1 at 9.) However, Snow Joe does not deny that it received the invoices. In any event, the critical issue is whether Kissner has sufficiently alleged an exact and definite balance. Plaintiff has. In addition, Snow Joe's receipt of the invoices alone may be enough to support an account stated claim. *See, e.g., Razor Enters. Inc. v. Aexim USA Inc.*, No. 11-6788, 2015 WL 790558, at *3 (D.N.J. Feb. 24, 2015) (granting default judgment on account stated claim where the defendant did not dispute or pay invoices it received). Accordingly, the Court finds that Kissner has sufficiently stated an account stated claim. Snow Joe's motion as to Count III is denied.

Accordingly, Snow Joe's motion to dismiss is denied.

## V.   CONCLUSION

For the foregoing reasons, Snow Joe's motion to dismiss (ECF No. 14) is **DENIED**. An appropriate Form of Order accompanies this Opinion.

JULIEN XAVIER NEALS
United States District Judge